CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Gregory Serfer

No. **5:18-CV-1468 FJS/TWD**

VS

Auburn Community Hospital,
Auburn Memorial Medical
Services, P.C., Scoot
Berlucchi, and John Riccio

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY DANCKS, United States Magistrate Judge on **March 25, 2019, at 11:00 AM**.  All conferences are conducted by telephone. Plaintiff's attorney will initiate the call (unless the Court directs differently) and shall contact Judge Dancks' Chambers at 315-234-8618 (a dedicated line solely for telephone conferences) once all parties are on the line.  Counsel may use a teleconferencing service for assistance initiating conference calls to the Court. For cases involving pro se parties, the Court will initiate the call for the Rule 16 Conference.  Pro se parties are instructed to provide the Court with a telephone number where they may be reached for a conference call.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the   15th   day of         July        ,    2019     .

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the   31st   day of       July         ,   2019    .

**3) DISCOVERY:** All discovery in this action shall be completed on or before the    31st    day of     December        ,    2019      . **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the    28th    day of      February        ,    2020      . **(Non-Dispositive motions including discovery motions may only**

**be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the  31st  day of  March , 2020 . It is anticipated that the trial will take approximately  7  days to complete.  The parties request that the trial be held in  Syracuse , N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**  X  (YES) /     (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
The Court has subject matter jurisdiction.  The parties are subject to the Court's jurisdiction and the defendants have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
The plaintiff is a former employee of defendants Auburn Community Hospital and Auburn Memorial Medical Services, PC.  The plaintiff claims that he was discriminated and retaliated against in violation of USERRA and New York Labor Law Section 741.  The defendants deny that the plaintiff was discriminated or retaliated against and assert that any and all employment decisions regarding the plaintiff were taken for legitimate non-discriminatory, non-retaliatory reasons.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
The circumstances surrounding the plaintiff's employment, his alleged protected activity, and his resignation are in dispute.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
The defendants may file a motion for summary judgment at the conclusion of discovery.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
According to the complaint, the plaintiff seeks monetary damages, including attorneys' fees, emotional damages, embarrassment and humiliation.

12) DISCOVERY PLAN:

    A.    **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B.    **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

The circumstances surrounding the plaintiff's employment, his alleged protected activity, and his resignation.

    C.    **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties will engage in paper discovery, followed by depositions. The plaintiff will be deposed first, then the defendants, and then any non-party witnesses.

    D.    **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties will serve initial demands by May 15, 2019. The parties do not anticipate exceeding the number of permissible demands under FRCP Rule 33.

**E.     Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The defendants anticipate taking three depositions.  The plaintiff anticipates taking four depositions.

**F.     Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties have not determined whether they will offer expert testimony.  The parties do not anticipate requesting exceptions to the ordinary deadlines for expert disclosure.

**G.     Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Defendants anticipate seeking limited electronically stored information.  The parties have not yet reached any agreements relating to the retention or production of electronically stored information.

H.  **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties intend to seek a protective order with respect to non-public information.

I.  **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None anticipated at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**
It may be possible to reduce the length of trial by stipulation and other means. An evaluation of these issues will need to wait until later in the discovery process.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**
No

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----**5**-----6-----7-----8-----9-----10
**(VERY UNLIKELY)**➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ **(LIKELY)**

CANNOT BE EVALUATED PRIOR TO  Mediation  (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
The parties agree that mediation early in the discovery process may be beneficial in exploring whether an amicable resolution is possible.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

- A. Reviewed General Order #47? [X] YES / NO [ ]
- B. Reviewed the List of Court Approved Mediators available on the NDNY website? [X] YES / NO [ ]
- C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? [X] YES / NO [ ]
- D. Discussed the time frame needed to complete Mandatory Mediation? [X] YES / NO [ ]

*********************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ (Date) at _____ (Place) and was attended by:

Stephen Ciotoli, Esq.     for plaintiff(s)

Adam P. Mastroleo, Esq.     for defendant(s)   All Defendants
(party name)

_____     for defendant(s) _____
(party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*